UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| In re: | ] | |
| | ] | |
| TONY ARNEL MASSENBURG, | ] | Case No 12-27072-TJC |
| | ] | Chapter 11 |
| Debtor. | ] | |

### MOTION TO DISALLOW CLAIMS, IN WHOLE OR IN PART, UNDER 11 U.S.C. §502

TO THE HONORABLE THOMAS J. CATLIOTA, BANKRUPTCY JUDGE:

COMES NOW Tony Arnel Massenburg, debtor in possession ("Debtors"), and as his Motion to Disallow Claims, in Whole or In Part, Under 11 U.S.C. §502 ("Motion"), respectfully represent as follows:

1. This case was commenced on September 13, 2012 ("Petition Date"), when the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. §101, et seq.

2. The Debtor serves currently as debtor in possession and is authorized to conduct his business in the ordinary course, pursuant to §§1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

3. Prior to the commencement of the instant case, the Debtor was a participant, manager, and equity security holder in a restaurant located in the State of Maryland ("Restaurant"). The Restaurant was validly incorporated under the laws of the State of Maryland.

4. In the course of operating the Restaurant, the Debtor was required to provide certain vendors and other parties with his personal guaranty; in many instances, he was not. In some

1

few instances, certain vendors required that accounts be carried in the name of the Debtor individually; in some instances, they did not.  Despite having and respecting the separateness of a corporate identity, the Debtor was, on numerous occasions forced by financial circumstances to accept personal liability for objections or contract relationships as to which the sole real party in interest was the Restaurant.  Other than in this regard, the Debtor maintained separate books and record for the Restaurant, separate operating bank accounts, had separate tax identification numbers, and engaged in no commingling of assets, either real, personal or cash.

5. When the Debtor filed the instant bankruptcy case, on advice of counsel, he included among his lists of liabilities all of the debts owed by him individually, as well as all of the debtors owed by the corporation, out of an abundance of caution that the records of any corporate creditor might not accurately reflect the true debtor on a particular account, or attempt to argue that there was commingling or some other nonsensical allegation that might expose the Debtor individually to liability for corporate debt.

6. Consequently, the Debtor listed numerous claims as "dispute," "unliquidated," or "contingent," reflecting their true nature with respect to the Debtor's personal liability for that particular objection.  In many instances, creditors so identified never filed Proofs of CLim, and, as a result, their claims are deemed disallowed.  For others, Proofs of Claim were filed timely, but the Debtor contests his personal liability, either entirely, or as to the amount asserted in the claim.

7. As a consequence of the foregoing, the instant Objection ensued.

8. Attached hereto is an Exhibit which shows the name of the creditor to whom an objection is made, the basis for the objection, and the amount of the claim that the Debtor believes should be allowed, if any.

9. Objection is made under 11 U.S.C. §502, on the grounds that the claim asserted in the Proof of Claim or otherwise reflected as a claim against the Debtor personally is unenforceable against the Debtor, in whole or in part, under applicable non-bankruptcy law, or because the claim is defective with respect to some aspect of the applicable bankruptcy law and procedure governing the filing and consideration of Proofs of Claim or the lists of liabilities filed in this case.

WHEREFORE, the Debtor respectfully requests that the Court enter the Order:

A. Granting this Motion;

B. Disallowing, in whole or in part, as the case may be, the claims identified on the Exhibit attached hereto; and

C. Granting such other and further relief as is just and proper.

Dated:  September 17, 2013                Respectfully submitted,

                          /S/  *Jeffrey M. Sherman*
Jeffrey M. Sherman
LAW OFFICES OF JEFFREY M. SHERMAN
1800 K Street, NW, Suite 624
Washington, DC 20036
(703) 855-7394
jeffreymsherman@gmail.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served by first class mail, postage prepaid, on September 17, 2013, upon the following:

US Trustee - Greenbelt
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

and those creditors to whom an objection to the allowance of a claim is made hereinabove.

                                  /S/ Jeffrey M. Sherman
                                  Jeffrey M. Sherman