IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

IN RE:                                             :

TONY ARNEL MASSENBURG               :

               Debtor         :   Case No. 12-27073-TJC
                                               Chapter 7

**DEBTOR'S MOTION TO REQUIRE THE CHAPTER 7 TRUSTEE TO TURNOVER OVER THE REMAINING $30,012.45 OF DEBTOR'S NBA PENSION FUNDS**

    Debtor by his attorney, Eric H. Kirchman, prays that the court enter an order requiring the chapter 7 trustee to turn over to the Debtor the remaining $30,012.45 of the Debtor's NBA pension funds, and states as follows:

    1. On February 1, 2013, the Debtor received his Early Retirement Pension in a lump sum in the amount of $550,429.20, which he deposited into his debtor-in-possession account ("DIP Account"). The Debtor deposited these funds into the DIP Account, in the good faith belief that he was required to do so pursuant to the requirements of the U.S. Trustee.

    2. Between the filing of the Debtor's chapter 11 case during September 2012, and the deposit of the exempt pension funds into the DIP Account on February 1, 2013, the Debtor paid necessary living expenses of $50,684.00 from the DIP Account.

    3. Following the deposit of the Debtor's exempt pension assets into the DIP Account the Debtor continued to pay, among other things his necessary living expenses from the DIP Account, as that was the only account he was permitted to have.

4. On November 13, 2013, nine months after the deposit of the exempt pension funds into the DIP Account, the Debtor's chapter 11 case was converted to a chapter 7 case.

5. Once the chapter 7 trustee was appointed, he froze the Debtor's DIP Account, which had a balance of $193,327.38.  . Following the Debtor's deposit of the exempt pension funds into the DIP Account during February 2013 through September 24, 2013, the date of the filing of the Debtor's last Monthly Operating Report, the debtor spent $331,718.00 from the DIP Account.

6. Thereafter the debtor sought the turnover of all the remaining funds DIP Account, now held by the Chapter 7 Trustee, as representing his exempt pension which the chapter 7 trustee resisted.

7. The court ruled that the Debtor's pension funds, which had been deposited into the DIP Account, maintained their exempt status despite having being commingled with the non-exempt assets in the DIP Account.

8. The court further found that the only non-pension funds that were deposited into the DIP Account were readily identifiable in an amount of $30,012.45.

9. On April 1, 2015, the court ordered the chapter 7 trustee, to turnover of all remaining funds in the DIP Account to the Debtor, ". . . with the exception that the trustee must withhold $30,012.45, subject to further court order." (Docket 83)

10. The rational underlying the requirement that the chapter 7 trustee withhold $30,012.45, was so that the estate could be fully protected against any potential loss from commingling of funds in the DIP Account, by requiring the trustee to hold that amount subject to a later determination as to whom these funds belonged.

11. The court should order the chapter 7 trustee to turn over to the Debtor the remaining $30,012.25, as it represents the Debtor's exempt pension funds.

12. The Debtor has over the 9 months that he continued in chapter 11 following the deposit of the exempt pension funds into the DIP Account spent more than $30,012.45, for necessary expenses, as is shown on the Debtor's Monthly Operating Reports, which are incorporated herein by reference.

13. The Debtor is permitted, pursuant to 11 U.S.C. §363 to use property of the estate to pay his necessary expenses.

14. That should the chapter 7 trustee be permitted to keep the $30,012.45, that he is currently holding, it would result in the Debtor having paid his necessary expenses exclusively with his exempt pension funds, which would be an inequitable result.

15. "Methods of tracing commingled funds are 'an equitable substitute for the impossibility of specific identification" and therefore a court must 'exercise case-specific judgment to select the method best suited to achieve a fair and equitable result on the facts before them.' " *United States v. Henshaw,* 388 F.3d 738, 741 (10th Cir. 2004).

16. In this case the fair and equitable result is achieved by taking the amount that the Debtor had spent on necessary expenses prior to the deposit of the pension funds into the DIP Account and using this amount to determine what would be a reasonable amount for the Debtor's expenses after the deposit of the pension funds into the DIP Account.

17. Prior to the deposit of the exempt pension funds into the DIP Account the Debtor had spent $50,684.00 on his necessary expenses or approximately $12,671.00 per month. This would work out to being approximately $114,039.00 in necessary expenses

during the nine months that the Debtor continued in chapter 11 following the deposit of the pension funds into the DIP Account.

18. If the court does not require the chapter 7 trustee to turn over the remaining $30,012.45 to the Debtor, the Debtor would have been, in effect, forced by the U.S. Trustee to expend his exempt property when nonexempt property was available for that purpose.

19. "[I]f 'it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen.' *Id.* at 324 (citing *In re Barker,* 768 F.2d 191, 196 (7th Cir. 1985))." *In re Lantz,* 451 B.R. 843, 848 (Bankr. N.D. Ill. 2011).

**WHEREFORE,** the Debtor prays that the court entered an order requiring the chapter 7 trustee to turn over to the Debtor the $30,012.45, that he is currently holding, representing the balance of the funds from the DIP Account, and for such other and further relief as is just and proper.

/S/Eric H. Kirchman
Eric H. Kirchman
Md. Fed. Bar No. 09002
Attorney for Debtor
15 West Montgomery Avenue, Suite 205
Rockville, Maryland 20850
(301) 762-2909
Fax: (202) 204-6269
Email: Kirchlaw@cs.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all parties by the court's electronic filing system or was mailed by first class mail, postage prepaid, on this the 24th day of August 2015, to:

Attorney for Trustee

Frank Mastro, Esquire
18421 Henson Boulevard, Suite 201
Hagerstown, Maryland 21742

Chapter 7 Trustee

Roger Schlossberg, Esquire
18421 Henson Boulevard, Suite 201
Hagerstown, Maryland 21742

/S/Eric H. Kirchman
Eric H. Kirchman