## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
#### (Greenbelt Division)

| | |
|---|---|
| In re: | ) |
| TONY ARNEL MASSENBURG, | ) Case No. 12-27073-TJC |
| | ) |
| Debtor. | ) (Chapter 7) |
| | ) |

### TRUSTEE'S MOTION TO COMPEL DEBTOR
### TO TURN OVER PROPERTY OF THE ESTATE

Plaintiff, Roger Schlossberg, Trustee ("Plaintiff" or "Trustee"), by and through his undersigned counsel, pursuant to 11 U.S.C. §§ 521(a) and 542, and Fed. R. Bankr. P. 4002 and 9013, hereby moves to compel the Debtor, Tony Arnel Massenburg ("Debtor" or "Massenburg"), to turn over to the Trustee certain property of the Debtor's bankruptcy estate ("the Estate"), as described more particularly below:

#### Jurisdiction

1.     This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b) and 1334.

#### Background

2.     The instant bankruptcy case was commenced upon the filing by the Debtor of a *Voluntary Petition* under Chapter 11 of the Bankruptcy Code on September 18, 2012 (the "Petition Date"), and an order for relief thereupon was entered.

3.     By *Order Converting Chapter 11 Case to a Case Under Chapter 7* (the "*Conversion Order*") of this Court dated November 13, 2013, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

4.     Upon conversion of the instant case from a proceeding under Chapter 11 to a case under Chapter 7, Roger Schlossberg duly was appointed Chapter 7 Interim Trustee.  Following

the commencement of that Meeting of Creditors required by 11 U.S.C. § 341 on December 17, 2013 without the request by creditors for the election of a trustee as permitted by 11 U.S.C. § 702(b) and (c), the appointment of your Trustee ripened into that of permanent Chapter 7 Trustee pursuant to the provisions of 11 U.S.C. § 702(d).

5.      On the Petition Date, the Debtor owned an 18-carat yellow gold and stainless steel Rolex watch containing 10 brilliant diamonds valued in excess of $10,000 (the "Rolex Watch").

6.      On the Petition Date, the Debtor also owned a 14-carat white gold, basket-style earring featuring a 1.5-carat diamond valued in excess of $12,000 (the "Diamond Earring").

7.      On and after the Petition Date, the Debtor insured the Rolex Watch and the Diamond Earring through a Personal Articles Policy with State Farm Insurance (the "State Farm Policy").

8.      The Debtor was the sole named insured on the State Farm Policy, which provided, in the aggregate, more than $23,000 in insurance coverage for the Rolex Watch and the Diamond Earring. *See, e.g.,* Declarations Page and Personal Articles Schedule for the aforementioned State Farm Policy for policy period Feb. 21, 2013 through Feb. 21, 2014, attached hereto as ***Exhibit 1***.

9.      In response to an inquiry by the Trustee regarding the current whereabouts of the Diamond Earring insured by the Debtor, the Debtor submitted an affidavit under oath (the "*Affidavit*") in which he averred "[t]hat I am not sure what happened to the single earring but it is my belief that it was lost when I moved to San Antonio, Texas during 2004. *See* Debtor's *Affidavit*, attached hereto as ***Exhibit 2***.

10.     In the same *Affidavit*, the Debtor averred that he "purchased the Rolex Watch and gave it to [his] father during 1991."

2

11.     The Rolex Watch, however, was not acquired by the Debtor until approximately 1998 and was not given to his father but, instead, was kept by the Debtor at his Maryland residence. *See* Debtor's Personal Articles Policy Application, attached hereto as ***Exhibit 3***.

12.     Moreover, the Debtor has continuously maintained insurance on the Rolex Watch as the sole named insured from 1998 to the present. *See* Renewal Certificate and Personal Articles Schedule for the aforementioned State Farm Policy for policy period Feb. 21, 2015 through Feb. 21, 2016, attached hereto at ***Exhibit 4***.

13.     The Debtor's acknowledgment of his insurable interest in the Rolex Watch through his procurement of the State Farm Policy is a tacit admission of his ownership of the Rolex Watch.

14.     On or about June 7, 2013, the Debtor submitted an insurance claim to State Farm following his loss of the Diamond Earring. *See* File History for State Farm claim 46-2Q42-405 filed by the Debtor, attached hereto as ***Exhibit 5***.

15.     On or about July 12, 2013, the Debtor told State Farm that he lost the Diamond Earring at a nightclub in Washington, D.C. and requested the "cash-out" option for the settlement of his claim. *Id.*

16.     On or about August 7, 2013, State Farm forwarded to the Debtor a check in the amount of $8,786.24 in full settlement of the Debtor's claim for the loss of the Diamond Earring (the "Settlement Check"). *Id.*; *see also* Payment History for State Farm claim 46-2Q42-405, attached hereto as ***Exhibit 6***.

17.     Notwithstanding that the Debtor was a Debtor-in-Possession in a Chapter 11 bankruptcy on August 7, 2013, the Debtor did not deposit the Settlement Check in his Debtor-in-Possession bank account.

18.     Notwithstanding that the Debtor was a Debtor-in-Possession in a Chapter 11 bankruptcy on August 7, 2013, the Debtor did not disclose his receipt of the Settlement Check on his *Monthly Operating Report* for August 2013, *see* Dkt. #77, or on any other *Monthly Operating Report*.

19.     The Debtor never has tendered to the Trustee the proceeds of the Settlement Check.

## **Argument**

20.     The filing of a bankruptcy petition creates a bankruptcy estate. 11 U.S.C. §§ 301, 541(a); *see also Wilson v. Dollar General Corp.*, 717 F.3d 337, 342 (4th Cir. 2013). The bankruptcy estate is comprised of, *inter alia*, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *see also Bunker v. Peyton (In re Bunker)*, 312 F.3d 145, 150 (4th Cir. 2002); *Rosen v. Dahan (In re Hoang)*, 469 B.R. 606, 616 (D. Md. 2012) ("property of the estate" consists of every conceivable interest of the debtor in property as of the time the bankruptcy case is commenced, regardless of who has possession of it").

21.     Section 542(a) of the Bankruptcy Code provides that:

> an entity, other than a custodian in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

4

11 U.S.C. § 542(a). If property is deemed "property of the estate" under § 541, it must be turned over to the bankruptcy estate under § 542. *Rosen*, 469 B.R. at 617; *see also In re Eisenbarger*, 160 B.R. 542, 545 (E.D. Va. 1993).

22.     In this case, the Rolex Watch and the Diamond Earring are property of the Estate under § 541(a) because the Debtor owned these items of jewelry on the Petition Date.

23.     Further, the Settlement Check the Debtor received in settlement of his post-petition claim for the loss of the Diamond Earring is likewise property of Estate under 11 U.S.C. § 542(a)(6).

24.     The Debtor has violated § 542(a) by failing to turn over to the Trustee the Rolex Watch and the proceeds of the Settlement Check.

25.     The Rolex Watch and the proceeds of the Settlement Check are valuable property of the Estate which rightfully should be in the possession of the Trustee so that he may liquidate and distribute same for the benefit of the Debtor's creditors.

26.     Accordingly, the Trustee seeks an order compelling the Debtor to turn over the Rolex Watch and the proceeds of the Settlement Check.

27.     Pursuant to Local Rule 9013-2, the Trustee states that no memorandum of law will be filed and that he will rely solely on this motion.

<u>Conclusion</u>

WHEREFORE, in consideration of the foregoing, the Trustee respectfully requests:

(1) that the instant motion be GRANTED;

(2) that the Court enter an ORDER compelling the Debtor to turnover to the Trustee within ten (10) days the Rolex Watch and the proceeds of the Settlement Check ($8,786.24), plus

pre-judgment interest on said proceeds from August 7, 2013 to the date of turnover; and

(3) that the Court ORDER the Debtor to reimburse the Trustee's reasonable attorney's fees and expenses incurred in preparing and litigating this motion.

Respectfully submitted,

SCHLOSSBERG & MASTRO


By:____*/s/ Frank J. Mastro*_____
      Roger Schlossberg
      Frank J. Mastro #24679
      18421 Henson Blvd., Suite 201
      Hagerstown, MD 21742
      (301) 739-8610
      rschlossberg@schlosslaw.com
      fmastro@schlosslaw.com
      *Attorneys for Trustee*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **14th** day of **December, 2015**, I served a copy of the Trustee's Motion to Compel Debtor to Turn Over Property of the Estate via ECF upon:

    Eric H. Kirchman, Esq.
    15 W. Montgomery Ave. #205
    Rockville, MD 20850
    *Attorney for Debtor*


        _____/s/ Frank J. Mastro_____
        Frank J. Mastro