**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt**

| | | |
|---|---|---|
| In re: | * | Case No.   12-27073 TJC |
| TONY ARNEL MASSENBURG | * | Chapter   7 |
| Debtor | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**<u>MEMORANDUM OF DECISION</u>**

Debtor Tony Massenburg objects to the Trustee's Final Report filed by the Chapter 7 Trustee, Roger Schlossberg.  ECF 316.  As pertinent here, the debtor contends that the Final Report does not provide a distribution to him for two exemptions he claims in real estate.  For the reasons stated below, the court concludes that the debtor has been paid the claimed exemptions, and therefore overrules his objection to the Final Report.

The court has subject matter jurisdiction under 28 U.S.C. §1334(b), §157(a) and (b)(1) and Local Rule 402 of the United States District Court for the District of Maryland.  This matter is a "core proceeding" under 28 U.S.C. §157(b)(2)(A) and (O).

Findings of Fact

The debtor filed for Chapter 11 relief on September 18, 2012.  ECF 1.  On motion of the United States Trustee, the case was converted to Chapter 7 on November 13, 2013.  ECF 61, 103.  Roger Schlossberg was appointed as the Chapter 7 Trustee.

On the petition date, the debtor held an interest in the TAM Revocable Trust (the "TAM Trust").[1]  The debtor was the grantor and trustee of the TAM Trust.  *Id*. at p. 3.  As its name indicates, the TAM Trust was revocable by the debtor.  *Id*. at p. 4, Article Fourth.  During the debtor's lifetime, the income of the TAM Trust could be either paid to the debtor or retained by the trust at the direction of the debtor, and the debtor retained the right to withdraw all or any part of the Trust corpus at any time.  *Id*. at p. 3, Article Third.

The TAM Trust owned real property located at 1120 Fowler Road, Chesapeake Beach, Maryland (the "Property").  During the Chapter 11 case, the TAM Trust sold the Property for $850,000 on June 3, 2013.  The net sale proceeds were $219,483.76 plus an additional $8,500.00, for a total of $227,983.76.  *See* Tr.'s Ex. 4 at p. 1; Tr.'s Ex. 5 at p. 3.  These amounts were deposited into the TAM Trust's bank account at Bank of America.  *See* Tr.'s Ex. 5 at p. 3.

The debtor did not provide notice of the sale of the Property in the bankruptcy case or obtain court approval of the sale.  The attorney who represented the debtor at the time the petition was filed testified that he concluded no court approval was necessary because the TAM Trust was a separate legal entity.

After the debtor's case was converted to Chapter 7, the Trustee learned of the TAM Trust and exercised the debtor's right to revoke it.  In the Final Report of Debtor as Debtor in Possession Upon Conversion of Chapter 11 Case to Chapter 7 Case, filed on April 11, 2014, the debtor stated the TAM Trust held $167,145.44 of proceeds remaining from the sale of the Property.  ECF 191.

The Trustee sued Bank of America for turnover of the TAM Trust funds.  *See* Adv. Pr. No. 14-00077.  In February 2014, the bank delivered approximately $163,000 to the Trustee,

---

[1] The TAM Trust was the subject of a good deal of attention and litigation in this case and the trust document was before the court, Adversary Proceeding No. 14-00077 at ECF 1-1.

which were the remaining sale proceeds less costs charged by the bank for the turnover action. It is not altogether clear what the debtor did with the difference between the $227,983.76 net proceeds received by the TAM Trust and the approximately $163,000 delivered to the Trustee. It is undisputed that he gave $25,000 to his parents. *See* Tr.'s Ex. 2 at p. 4. Through counsel, the debtor stated that he spent the balance on his general living expenses, and for purposes of this ruling that statement is accepted.

The debtor filed an amended Schedule C on January 11, 2017. The debtor claimed an exemption in the Property of $21,625 under Md. Code Ann., Cts. & Jud. Proc. §11-504(f)(1)(i)(2)(A) and an exemption of $2,449 under Md. Code Ann., Cts. & Jud. Proc. §11-504(b)(5).

The Trustee filed the Trustee's Final Report ("Final Report") on March 14, 2019. ECF 308. The Final Report sets forth the Trustee's disbursement of funds and makes no provision for additional payment to the debtor.

The debtor objected to the Final Report on two grounds: He objects to the Trustee's counsel fees and also contends the Final Report fails to include a distribution to him for the two exemptions he claimed in the Property. The court held a hearing on the objections on June 6, 2019, and resolves here the objection to the Final Report based on the claimed exemptions.

Conclusions of Law

Property of the estate is defined in 11 U.S.C. §541.[2] A debtor may exempt certain property from the bankruptcy estate pursuant to §522. "Exemptions represent the debtor's attempt to reclaim those assets or, more often, certain interests in those assets, to the creditors' detriment." *Schwab v. Reilly*, 560 U.S. 770, 785 (2010). Once an exemption is asserted, and

---

[2] Unless otherwise noted, all statutory references are to 11 U.S.C. §§101, *et seq.*, as currently in effect.

interested parties fail to object within the time allowed,[3] exempt property is excluded from the estate and unavailable for administration by a trustee.

Under the exemption scheme of §522, a debtor is entitled to certain federal exemptions unless the state opts out of the federal exemptions. §522(b)(2). If a state opts out, a debtor is entitled to exempt property under the applicable state or local law as of the date of the filing of the petition. §522(b)(3). Maryland has opted-out from the federal exemption scheme. Md. Code Ann., Cts. & Jud. Proc. §11-504(g). Therefore, as pertinent here, a debtor in Maryland is afforded the exemptions provided under Maryland law.

At issue here are two Maryland exemptions. Md. Code Ann., Cts. & Jud. Proc. §11-504(f)(1)(i)(2)(A) provides:

> (f)(1)(i) In addition to the exemptions provided in subsection (b) of this section, and in other statutes of this State, in any proceeding under Title 11 of the United States Code, entitled "Bankruptcy", any individual debtor domiciled in this State may exempt the debtor's aggregate interest in:
>
> *****
>
> 2. Subject to subparagraph (ii) of this paragraph:
>
>> A. Owner-occupied residential real property, including a condominium unit or a manufactured home that has been converted to real property in accordance with § 8B-201 of the Real Property Article….

The exemption is limited by the amount set forth in Md. Code Ann., Cts. & Jud. Proc. §11-504(f)(1)(ii). There is no dispute that the $21,625 amount claimed by the debtor is the appropriate amount under Md. Code Ann., Cts. & Jud. Proc. §11-504(f)(1)(ii).

Md. Code Ann., Cts. & Jud. Proc. §11-504(b)(5) provides:

> (b) The following items are exempt from execution on a judgment:
>
> *****
>
> (5) Cash or property of any kind equivalent in value to $6,000 is exempt, if within 30 days from the date of the attachment or the levy by the sheriff, the

---

[3] *See,* Federal Rule of Bankruptcy Procedure 4003.

> debtor elects to exempt cash or selected items of property in an amount not
> to exceed a cumulative value of $6,000.

There is no dispute that the $2,449 amount claimed by the debtor is an appropriate amount under

Md. Code Ann., Cts. & Jud. Proc. §11-504(b)(5).

Exemptions generally are determined as of the petition date.  Pursuant to §522(b)(3), a

Maryland debtor is entitled to exempt property that would be exempt under state or local law that

is applicable on the "date of the filing of the petition."  Under §348(a), a conversion of a case

does not change "the date of the filing of the petition."  Therefore, conversion of a Chapter 11

case to Chapter 7 does not change the date of exemption.  *In re Kaplan*, 97 B.R. 572 (9th Cir.

BAP 1989).

The debtor did not hold a fee simple interest in the Property on the petition date but held

only an interest in the TAM Trust.  "Courts broadly define "property" that enters a Chapter

7 estate under §541 to include all types of property, including legal or equitable interests,

tangible or intangible property, choses in action, and beneficial rights and interests that the

Debtor has in the property of another."  *In re Weiss,* 111 F.3d 1159, 1166 (4th Cir. 1997)

(quoting *In re Lima Days Inn, Ltd.,* 10 B.R. 173, 174 (Bankr. N.D.Ohio 1981)).  Section

541(c)(2), however, excludes a debtor's interest in a spendthrift trust from property of the estate:

> (2) A restriction on the transfer of a beneficial interest of the debtor in a trust that
> is enforceable under applicable nonbankruptcy law is enforceable in a case under
> this title.

 "The effect of the provision is to exclude from the estate property subject to restrictions on

alienation, such as a debtor's beneficial interest under a valid spendthrift trust."  *In re Orkin*, 170

B.R. 751, 752 (Bankr. D.Mass. 1994).

Here, the TAM Trust is governed by Maryland law, and so Maryland law is the "applicable nonbankruptcy law" under §541(c)(2).[4]  The TAM Trust contains an express spendthrift provision.  *Id*. at p. 11, Article Tenth.  Maryland recognizes valid spendthrift trusts.  However, Maryland law prohibits spendthrift trusts created for the settlor's own benefit.  *See Watterson v. Edgerly,* 40 Md. App. 230 (1978); *Warner v. Rice,* 66 Md. 436 (1887).

The Fourth Circuit has recognized this principle of Maryland law in *In re Robbins*, 826 F.2d 293 (4th Cir. 1987).  The Robbins's owned real estate which had been transferred into a trust with spendthrift provisions in their own favor.[5]  Debtors filed a Chapter 11 bankruptcy case that was later converted to Chapter 7 and asserted an exemption in the trust pursuant to §541(c)(2). The bankruptcy court sustained the Chapter 7 trustee's objection to the exemption, and the United States District Court affirmed.  As the District Court recognized, trust provisions that authorize trust settlors to "invade and consume the corpus" are unenforceable in Maryland as spendthrift trusts.  *Id.* at 294.  The Fourth Circuit affirmed, stating:

> The general rule is stated in Restatement (Second) of Trusts §156(2) (1959). The creditors of a settlor may reach the assets of a spendthrift trust to the maximum extent that the trustee might apply them for the use and benefit of the settlors. Under the terms of this trust, the trustee was authorized to apply the entire corpus for the support and maintenance of the settlors, and thus the entire corpus is subject to the claim of their creditors.

*Id*. at 295.  These principles remain valid in Maryland, which codified the law on spendthrift trusts in 2014 with the addition of the Maryland Trust Act.  Md. Code Ann., Est. & Trusts §14.5-101, *et seq*.  Under the Act, despite a spendthrift provision, "[d]uring the lifetime of the settlor, the property of a revocable trust is subject to claims of the creditors of the settlor."  Md. Code

---

[4] *See* Adv. Pr. No. 14-00077 at ECF 1-1, pg. 20, Article Fifteenth (F).
[5] The trust paid all trust income to the debtors, restricted assignment of the trust, prevented the trust from being reached by creditors and allowed debtor trustees to exhaust the trust funds at their discretion.  *Id.* at 294.

Ann., Est. & Trusts §14.5-508 (a)(1).  *See also* Restatement (Third) of Trusts §58 (2003) cmt. B.[6]

Despite the spendthrift language, the TAM Trust is not a valid spendthrift trust under Maryland law.  The debtor, who was both the grantor[7] and trustee, retained complete dominion and control over the trust and its corpus, including the right to revoke it, withdraw all principal and income, retain it, or distribute to himself or beneficiaries any amount he saw fit.  The debtor's interest in the TAM Trust was not exempt under Maryland law and was property of the estate under §541.

The debtor, therefore, cannot claim that his interest in the TAM Trust was exempt.  In January 2017, some five years after the petition date, he filed an amended Schedule C asserting exemptions in the Property.  The Trustee did not object to the exemptions.  He contends, however, that the debtor has received proceeds from the Property exceeding the amount of the exemptions, and therefore the debtor is entitled to no additional distribution from the sale proceeds.  The court agrees with the Trustee.

The Property was sold while the debtor was in Chapter 11.  The net proceeds from the sale of the Property were $227,983.76, which were deposited into the TAM Trust bank account on June 4 and June 5, 2013.  Tr.'s Ex. 5.  On June 7, 2013, the debtor transferred $25,000.00 to his mother's bank account at Bank of America and withdrew $2,000.00 in cash.  *Id.*  On June 21, 2013, the debtor withdrew another $2,000.00 in cash.  *Id.*  The debtor spent an additional $35,000 or so of the sales proceeds, and the Trustee received only about $163,000 for

---

[6] "*Requirements for a valid spendthrift trust.* Subsection (2) invalidates a spendthrift clause to the extent it is intended to apply to any interest of a beneficiary who is also the settlor of the trust. Furthermore, if the settlor is the sole beneficiary during life and reserves a general power of appointment, even a testamentary general power (one allowing appointment to the settlor's estate), creditors of the settlor can reach not only the beneficial interest(s) retained for life but the trust property itself. See further Comments *e* and *f*."

[7] Although the trust document refers to debtor as the "grantor," he is also the "settlor" as defined by Maryland law. Md. Code Ann., Est. & Trusts §14.5-103(v).

administration.  This means the debtor gifted to his parents and personally spent far in excess of

his asserted exemptions of $24,074.  The debtor has fully received the benefit of his exemptions.

Conclusion

For the foregoing reasons, the debtor's objection to the Final Report based on his claimed

exemptions in the Property is overruled.

cc:    Debtor
       Debtor's Counsel
       Trustee
       Trustee's Counsel
       All creditors and parties in interest
       U.S. Trustee

**END OF MEMORANDUM OF DECISION**